UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOYCE OVERSTREET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:12-CV-107-BG |
| | ) | ECF |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant.[1] | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Joyce Overstreet seeks review of the Commissioner of Social Security's decision denying her applications for disability insurance benefits and supplemental security income. The undersigned has considered the administrative record, applicable law, and parties' arguments and now recommends that the court reverse the Commissioner's decision and remand Overstreet's case for further administrative proceedings.

## I.    Statement of the Case

Overstreet filed her applications for disability insurance benefits and supplemental security income on September 18, 2007, claiming that limitations related to a back injury, depression, and anxiety limited her ability to work. (Tr. 117, 252.) An administrative law judge (ALJ) held a hearing and subsequently issued a decision on June 2, 2009, finding that Overstreet was not disabled. (Tr. 117–23.) On November 6, 2009, the Appeals Council granted Overstreet's request for review and remanded the case to the ALJ for further evaluation. (Tr. 126–28.) The ALJ held

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration, succeeding former Commissioner Michael J. Astrue. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Colvin is automatically substituted as Defendant in this case.

another hearing and issued a second decision on October 25, 2010, finding again that Overstreet was

not disabled. (Tr. 16–24.) After the Appeals Council declined to review the decision, Overstreet

filed the appeal now before the court. (Tr. 1–3.) The decision the ALJ issued on October 10, 2010,

is therefore the Commissioner's final decision and subject to judicial review. *Higginbotham v.*

*Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). The court is now charged with determining whether

the Commissioner's final decision is supported by substantial evidence and was reached through the

application of proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

## II.     <u>Facts</u>

Overstreet worked as a truck driver for nine years and as a nurse's aide for seven years.

(Tr. 39, 242–46.) She suffered a compression fracture in her lower spine during an act of domestic

violence on March 3, 2007; underwent kyphoplasty, which involved stabilization of her fracture with

cement on March 4, 2007; took a leave of absence from work on March 7, 2007; and has not worked

since that date. (Tr. 35, 242–46, 361, 396, 398.) The medical evidence shows that Overstreet

experienced ongoing back pain after the kyphoplasty in March 2007 and underwent a number of

procedures to address the pain. (Tr. 456, 743, 926, 1443–46.)

Overstreet also suffered from depression and anxiety. The evidence shows that Overstreet's

history involves sexual abuse, two abusive marriages that ended in divorce, four miscarriages, a

family history of alcoholism, multiple suicide attempts, and her brother's suicide. (Tr. 900–02,

1326–27.) Between the time of the domestic violence in March 2007 and the second decision from

the ALJ in 2010, mental health professionals diagnosed Overstreet with post-traumatic stress

disorder, major depressive disorder, dysthymic disorder, and alcoholism that was in remission.

(Tr. 648–49, 900–09, 1139.)

Overstreet brings a number of points of error in which she argues, among other things, that

2

the ALJ committed legal error at the second and fifth steps of the sequential evaluation process and that the determinations he made at those steps are not supported by substantial evidence. Overstreet's arguments have merit. The district court should remand this case for further administrative proceedings.

## III.  **Discussion**

The five-step sequential standard under which the Commissioner reviews a claim for Social Security requires the ALJ to determine whether the claimant: (1) is not working in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals a listing in the regulations; (4) has an impairment that prevents him from doing past relevant work; and (5) has an impairment that prevents him from doing any other work.  20 C.F.R. §§ 404.1520, 416.920 (2013).

At step two of the evaluation, the ALJ must determine the severity of the claimant's impairment(s).  An impairment can be considered as not severe only if it is a slight abnormality that has a minimal effect on the individual's ability to do basic work activities.  *Stone v. Heckler*, 752 F.2d 1099, 1101–02 (5th Cir. 1985).

Substantial evidence does not support the ALJ's determination that Overstreet's mental impairments are not severe.  In 2007 at the request of the state, William E. Hoke, Ph.D., examined Overstreet and diagnosed major depressive disorder, dysthymic disorder, alcohol dependence, and "mathematics disorder."  (Tr. 900–09.)  Based on intellectual and personality testing, Dr. Hoke believed Overstreet exhibited limitations in her ability to cope, concentrate, and interact with others. (Tr. 905–08.)  In 2010 the disability determination services referred Overstreet for psychological evaluation to Michael T. Morris, Psy.D.  (Tr. 725.)  Dr. Morris diagnosed chronic post-traumatic

stress disorder, major depressive disorder, borderline intellectual functioning, and alcohol dependence that was in remission. (Tr. 734.) He reported a "guarded prognosis" given Overstreet's "long history of decompensation" and further reported that Overstreet exhibited a limited ability to reason and make occupational, personal, and social adjustments. *Id.*

State consulting physician Mark Boulos, M.D., reported that Overstreet suffered from major depression that was recurrent and specifically determined that her depression was severe. (Tr. 469, 472.) He further determined that she was limited in her ability to interact appropriately with the public and respond appropriately to changes in the work setting and markedly limited in her ability to understand and remember detailed instructions as well as short and simple instructions. (Tr. 469, 472, 483.)

Based on the opinions from Drs. Hoke, Morris, and Boulos, Overstreet's mental impairments are severe: the impairments would have more than a minimal effect on her ability to perform basic work activities. The ALJ's determination that Overstreet does not have a severe impairment is not supported by substantial evidence. In addition, the ALJ committed legal error. Social Security Ruling 96-6p directs that state agency physicians "are experts in the Social Security disability programs" and that the ALJ is therefore required to consider their opinions. SSR 96-6P, 1996 WL 374180, at *2 (July 2, 1996); *see also* 20 C.F.R. §§ 404.1527(e)(2)(I), 416.927(e)(2)(I). The ALJ did not consider the opinions from Drs. Hoke, Morris, and Boulos. (Tr. 18–19.) The Court of Appeals for the Fifth Circuit has "expressed a strong preference for requiring the social security administration to follow its own internal procedures." *Shave v. Apfel*, 238 F.3d 592, 596 (5th Cir. 2001) (citing *Newton v. Apfel*, 209 F.3d. 448, 459 (5th Cir. 2000)). The ALJ's determination that Overstreet's mental impairments are not severe is not supported by substantial

evidence and was not reached through the application of proper legal standards. Remand is therefore required. *See Loza v, Apfel*, 219 F.3d 378, 399 (5th Cir. 2000).

The ALJ also committed error at the fifth step of the sequential evaluation. At the fifth step of the sequential evaluation, the ALJ has already determined that a claimant's impairments prevent him from returning to his past work. 20 C.F.R. §§ 404.1520(g), 416.920(g). The ALJ is then required to consider the claimant's residual functional capacity (RFC), age, education, and work experience to determine whether he is capable of making an adjustment to other work. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The ALJ may make this determination by relying on testimony from a vocational expert: "a vocational expert is called to testify because of his familiarity with job requirements and working conditions." *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995). The ALJ may also rely on the guidelines to make the determination, but he may do so only when the evidence shows that the claimant suffers solely from exertional impairments or when the claimant's nonexertional impairments do not significantly affect his RFC.[2] *Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999). Otherwise, the ALJ must consult a vocational expert to determine whether the claimant can perform other work. *Newton*, 209 F.3d at 458. Likewise, Social Security Ruling 96-9p directs the ALJ to consult a vocational expert when the claimant exhibits a "substantial loss of ability" to perform any of the following mental activities: understanding, remembering, and carrying out simple instructions; making judgments that are commensurate with the functions of unskilled work; responding appropriately to supervision or co-workers; or dealing with changes in a routine work setting. SSR 96-9p, 1996 WL 374185, at *9 (July 2, 1996).

---

[2] Located in the Commissioner's regulations at appendix 2 of part 404, the guidelines consist of rules that direct a finding that the claimant is not disabled when the claimant's RFC, age, education, and previous work experience correspond to the criteria under a particular rule.

Dr. Boulos determined that Overstreet was markedly limited in her ability to understand, remember, and carry out simple instructions.  (Tr. 483.)  In addition, the ALJ determined that Overstreet was limited to performing jobs that involve "work with things rather than people." (Tr. 19.)  In making such a finding, he presumably believed Overstreet exhibited a substantial loss in ability to respond appropriately to co-workers.  Based on Dr. Boulos's determination and the ALJ's finding, the ALJ should have consulted a vocational expert.  *See* SSR 96-9p, 1996 WL 374185, at *9.

Finally, the Court of Appeals for the Fifth Circuit has directed that reliance on the guidelines is inappropriate in cases in which the claimant's mental impairments are severe.  *Loza*, 219 F.3d at 399.  As discussed above, Overstreet's mental impairments are severe.  Reliance on the guidelines was therefore legal error that requires remand.  *Id*.

## IV.     <u>Recommendation</u>

The undersigned recommends that the district court reverse the Commissioner's decision and remand Overstreet's case for further administrative proceedings.

## V.     <u>Right to Object</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the

magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      Dated:     May 20, 2013.

NANCY M. KOENIG
United States Magistrate Judge